UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| PH, *a minor, by and through her adult next friend and legal guardian,* Patricia Hunt | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:24-CV-134-TBM-RPM |
| KESHAWN BELCHER, KELLY SERVICES, INC., OCEAN SPRINGS SCHOOL DISTRICT, and JOHN DOES 1-10 | DEFENDANTS |

| | |
|---|---|
| JB, *a minor, by and through his adult next friend and legal guardian,* Jonathan Baldwin | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:24-CV-135-TBM-RPM |
| KESHAWN BELCHER, KELLY SERVICES, INC., OCEAN SPRINGS SCHOOL DISTRICT, and JOHN DOES 1-10 | DEFENDANTS |

| | |
|---|---|
| DTC, *a minor, by and through her adult next friend and legal guardian,* Luis Miguel Torres Morales | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:24-CV-136-TBM-RPM |
| KESHAWN BELCHER, KELLY SERVICES, INC., OCEAN SPRINGS SCHOOL DISTRICT, and JOHN DOES 1-10 | DEFENDANTS |

**AMENDED COMPLAINT**

COMES NOW, the Plaintiffs (collectively), by and through their legal guardian, and files this Amended Complaint against the Defendants and, in support thereof, would show the following:

## PARTIES

1. PH, JB and DTC are minor children who attend Ocean Springs Middle School. As the children are under the disability of minority, they bring suit by and through their biological parent and legal guardian. The Plaintiffs resides in Ocean Springs, Jackson County, Mississippi.

2. a. Keshawn Belcher is an adult resident citizen of Jackson County, Mississippi where he may be served with process in the time and manner as prescribed by law.

   b. Kelly Services, Inc., is a foreign for-profit corporation organized under the laws of Delaware with its principal place of business at 999 West Big Beaver Road in Troy, Michigan, 48084. It may be served with process through its registered agent, CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

   c. The Ocean Springs School District (hereinafter "OSSD") is a Mississippi public school district based in Ocean Springs, Mississippi, located at 2300 Government Street, Ocean Springs, Mississippi, and may be served with process upon its Superintendent of Education, Michael Lindsey.

3. John Does 1-10 are individuals and entities whose liability related to the facts, causes of action and damages stated herein have yet to be discovered fully or determined, and who will be substituted herein at a later date, if or when these Defendants are identified, with pleadings amended in accordance with the Mississippi Rules of Civil Procedure.

## **FACTS**

4. The Defendant Keshawn Belcher (hereinafter "Belcher") is a teacher that has been placed by Kelly Services, Inc. (hereinafter "Kelly") at various schools around the Mississippi Gulf Coast, including Ocean Springs Middle School, Ocean Springs, Jackson County, Mississippi. Thus, this court has jurisdiction over the parties and subject matter herein.

5. On or about April 2023, Belcher was working at Ocean Springs Middle School, albeit, he taught at a number of schools in the area. PH, JB and DTC were students at Ocean Springs Middle School enjoying their Spring Semester of 2023. Keshawn Belcher took interest in the minor children and began taking steps to get closer to them.

6. The student-teacher relationship is one built on trust and students should not be apprehensive towards their teachers who are there to teach and guide the students. Belcher took advantage of this trust and began expressing interest in PH, who was 12 years old at the time, JB, who was 14 years old at the time, and DTC, who was 13 years old at the time. He further engaged in inappropriate communications with plaintiffs in person and in digital format.

7. PH, JB and DTC were not capable of fully understanding the situation and being very young adolescent was caught off guard by Belcher's friendly demeanor towards them and was unsuspecting of his true motives.

8. Belcher had given his snapchat ID to several students and told them they could contact him.

9. During April, 2023, Belcher had been texting PH and other students inappropriately; PH was contacted by Belcher through social media while she was at home, asking her if he could come over and watch TV with her which her mother would not allow.

10. Belcher subsequently during school hours made sexual remarks to PH and even asked her for oral sex. PH became fearful of his advances that continued during school time.

11. PH, being a young adolescent, was shocked by the texts from someone she trusted; she was not expecting anything like that from a teacher and it left her uncomfortable and confused.

12. PH reported Belcher and his inappropriate behavior to her mother who contacted the school.

13. During April, 2023, Belcher had been texting JB and other students inappropriately.

14. During this time, Belcher sent JB a text that he was horny, sent pictures of himself naked and sent a video of him masturbating.

15. JB, being a young adolescent, was shocked by the texts from someone he trusted; he was not expecting anything like that from a teacher and it left him uncomfortable and confused.

16. JB reported Belcher to his father who contacted law enforcement.

17. DTC was invited into Belcher's classroom to speak with Belcher about an assignment; while there, Belcher stepped behind DTC blocking her exit.

18. Belcher grabbed DTC face and began kissing her and feeling on her body. Belcher became more aggressive in his physical touching and kissing.

19. DTC became fearful for her safety as Belcher held her in his grip, and she had no means of escape.

20. Belcher knew DTC was attempting to escape but he kept up his pursuits.

21. Fortunately, the school bell rang and DTC took that moment to escape from Belcher's grasp and flee the school room.

22. DTC reported Belcher to the school.

23. Belcher has been suspended from his teaching assignment from Kelly and was subsequently arrested for his conduct.

## CAUSES OF ACTION

24. The Plaintiffs incorporates paragraph 1-23 as if specifically stated herein.

25. These Defendants were negligent in that they owed the Plaintiffs a legal duty, they breached that duty by way of their numerous acts and omissions, and this breach was both the legal and factual cause of the Plaintiffs injury.

26. Belcher committed an assault on PH. His conduct placed PH in reasonable apprehension of an imminent threat. Subsequently, Belcher committed a battery on the Plaintiff by way of his harmful and offensive contact.

27. Belcher invaded the privacy of PH by way of his intrusive questioning, invasion of personal space, unauthorized access and disclosure of private information.

28. Belcher committed an Intentional Infliction of Emotional Distress. The Defendant's conduct was extreme and outrageous, resulting in severe emotional distress for PH and other students. The Defendant's conduct exceeded all bounds of decency and is far beyond what is tolerated in civilized society.

29. The Defendant Belcher violated PH with his inappropriate language, actions and social media interactions, destroying an innocence that cannot be fully restored.

30. Belcher committed an assault on JB. His conduct placed JB in reasonable apprehension of an imminent threat.

31. Belcher invaded the privacy of JB by way of his intrusive grooming, invasion of personal space, unauthorized access and disclosure of private information.

32. Belcher committed an Intentional Infliction of Emotional Distress. The Defendant's conduct was extreme and outrageous, resulting in severe emotional distress for JB and other students. The Defendant's conduct exceeded all bounds of decency and is far beyond what is tolerated in civilized society.

33. Belcher committed an assault on DTC. His conduct placed DTC in reasonable apprehension of an imminent threat and battery. Subsequently, Belcher committed a battery on DTC by way of his harmful and offensive contact.

34. Belcher invaded the privacy of DTC. His inappropriate interactions invaded the

privacy of DTC, by way of his intrusive questioning, invasion of personal space, unauthorized access and disclosure of private information.

35. Belcher committed an Intentional Infliction of Emotional Distress. The Defendant's conduct was extreme and outrageous, resulting in severe emotional distress for DTC and other students. The Defendant's conduct exceeded all bounds of decency and is far beyond what is tolerated in civilized society.

36. The Defendant falsely imprisoned DTC. He unlawfully confined and restrained DTC without her consent.

37. OSSD and Kelly are vicariously liable for the actions of Belcher, and for their failure to use ordinary care or take reasonable steps to protect PH, JB and DTC.

38. OSSD and Kelly are negligent in hiring, retaining and supervising Belcher.

39. OSSD and Kelly are liable for failing to investigate charges of misconduct, prosecute acts of misconduct, report acts of misconduct, take necessary precautions with information of misconduct, and for their failure to properly train others to take appropriate actions to protect students.

40. All of the aforementioned actions and omissions of the Defendants are both the legal and factual cause of the Plaintiffs injuries and damages.

41. The Defendants, were negligent, for among other things, in failing to have in place an adequate procedure for hiring qualified employees and representatives who would have prevented these incidents; failing to properly qualify applicants; failing to assess and examine the level of knowledge of applicants; negligently creating an unreasonably dangerous condition; failing to increase the level of knowledge of employees; failing to observe, evaluate and critique on a continuing basis; failing to have an adequate training program in place; failing to adequately and

professionally monitor the activities of teachers; and in all respects, failing to perform duties and responsibilities required of individuals and entities conducting school operations as required by numerous policies, procedures and statutes.

42. At all relevant times to the allegations of this complaint, Defendant Belcher acted under color of law- under the Constitution, Statutes, administrative rules, customs, policies and usages of the School, the State of Mississippi and the United States - and assumed the responsibilities, activities and rights involved in exercising his role as a teacher and mentor for the School.

43. Defendants' actions constitute a violation of Plaintiffs due process right to personal security, physical safety and bodily integrity. Defendant school failed in its responsibility to provide a safe environment for the students by allowing Belcher to extend his control over students into a realm that had no monitoring by his employer. The School ignored reports, knowledge and signs of inappropriate activities between Belcher and certain students which led to the constitutional violations.

44. At all times relevant to the allegations of this complaint, these Defendants had a custom or practice of ignoring signs and reports of misconduct, including clear rule and boundary violations by Belcher. They ignored reports, knowledge and signs of inappropriate activities between Belcher and his students. These defendants failed to act on knowledge they held about Belcher's previous inappropriate behavior toward students, causing the violations to happen right under their nose.

45. While the plaintiffs were under the care and supervision of the School, these defendants acted with deliberate indifference to the known and recognized constitutional and legal rights of the Plaintiffs to bodily integrity and to be free of sexual harassment and sexual abuse from the authority figures in a special relationship and position of trust.

46. Belcher and the other defendants, actively participated in the deprivation of the plaintiffs constitutional rights by their systematic practice and policy of deliberate indifference to the actions of the employees and the rights of its students.

47. Defendants acted with gross negligence and in reckless disregard for the safety and protection of the Plaintiffs and others similarly situated in hiring and retaining the Defendant, Belcher, that physically assaulted, sexually assaulted, sexually battered, and ravished the Plaintiffs without performing a reasonable and thorough background check.

## DAMAGES

48. As a direct and proximate result of the failure of the Defendants to perform a reasonable and thorough investigation on reports of inappropriate activity by their employee, Defendant, Belcher, who physically assaulted, sexually assaulted, sexually battered, and ravished the Plaintiffs, the Plaintiffs suffered the following and seeks recovery for:

   a. Past, present, and future medical bills;

   b. Past, present, and future mental anguish;

   c. Past, present, and future pain and suffering;

   d. Past, present, and future emotional injuries;

   e. Past, present, and future embarrassment; and

   f. Past, present, and future humiliation.

49. As a proximate result of these myriad breaches of its duties of reasonable care, breaches of duties to follow protocol, breaches of duties to take reasonable precautions to follow protocol; breaches of duties to provide reasonable precautions to protect and prevent such acts and omissions, deliberate indifference, negligence, gross negligence in allowing the incident to occur, the minor PH, JB and DTC has sustained seriously disabling and perhaps permanent injuries, including but not limited to those as set out above.

50. The Plaintiffs seeks an award of compensatory damages to the fullest extent of the law to be more fully set out at a trial of this matter.

51. The Plaintiffs seeks an award of punitive damages as allowed by law for the gross, wanton, and reckless disregard of the rights of the plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, upon trial of this matter, the court order and direct the following:

a. Compensatory damages against Defendants in an amount to be determined by the jury;

b. Punitive damages against Defendant Kelly in an amount to be determined by the jury;

c. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under the law pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution and Mississippi common law; and

d. Such further relief as is deemed just and proper; the plaintiffs reserves the right to amend with any negligent acts that may be identified through discovery.

Respectfully submitted this the 26th day of November, 2024.

| | | |
|---|---|---|
| **PH,** *a minor, by and through her adult next friend and legal guardian,* <br> **Patricia Hunt**, Plaintiff | **JB,** *a minor, by and through his adult next friend and legal guardian,* <br> **Jonathan Baldwin**, Plaintiff | **DTC,** *a minor, by and through her adult next friend and legal guardian,* <br> **Luis Miguel Torres Morales**, Plaintiff |

          BY:   */s/ Donald W. Medley*
                  Donald W. Medley
                  Attorney for the Plaintiffs

Donald W. Medley
MS Bar #2832
MEDLEY LAW GROUP
902 West Pine Street
Hattiesburg, MS 39401
Tel:  601-544-8110
Fax:  601-544-8158
don@medleylawgroup.com