IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| PH, A MINOR, BY AND THROUGH HER ADULT NEXT FRIEND AND LEGAL GUARDIAN PATRICIA HUNT | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:24-CV-134-TBM-RPM |
| KESHAWN BELCHER, KELLY SERVICES, INC., OCEAN SPRINGS SCHOOL DISTRICT, and JOHN DOES 1-10 | DEFENDANTS |

| | |
|---|---|
| JB, A MINOR, BY AND THROUGH HIS ADULT NEXT FRIEND AND LEGAL GUARDIAN JONATHAN BALDWIN | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:24-CV-135-TBM-RPM |
| KESHAWN BELCHER, KELLY SERVICES, INC., OCEAN SPRINGS SCHOOL DISTRICT, and JOHN DOES 1-10 | DEFENDANTS |

| | |
|---|---|
| DTC, A MINOR, BY AND THROUGH HER ADULT NEXT FRIEND AND LEGAL GUARDIAN LUIS MIGUEL TORRES MORALES | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:24-CV-136-TBM-RPM |
| KESHAWN BELCHER, KELLY SERVICES, INC., OCEAN SPRINGS SCHOOL DISTRICT, and JOHN DOES 1-10 | DEFENDANTS |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT OF DEFENDANT KELLY SERVICES, INC.**

COMES NOW, Defendant, Kelly Services, Inc., ("Kelly Services"), who by and through its undersigned counsel of record, Deutsch Kerrigan, LLP, submits this *Memorandum of Law in Support of its Motion for Summary Judgment.*

## I. BACKGROUND AND SUMMARY OF ARGUMENT

These cases arise from allegedly inappropriate relationships between Defendant KeShawn Belcher and three students, J.B., P.H., and D.T.C., all of whom are alleged to have been students at Ocean Springs Middle School. In 2022 and 2023, KeShawn Belcher was employed by Kelly Services as a substitute teacher. Belcher had been placed by Kelly Services at North Gulfport Middle School in September of 2022, which term ended without any reported incident. Thereafter, Belcher did not ask Kelly Services for any more assignments until March of 2023, when he was placed on assignment at Ocean Springs Middle School. In April of 2023, Kelly Services was made aware of allegations that KeShawn Belcher had inappropriate relations and/or communications with the three minor students. Resultingly, Belcher was immediately terminated from Kelly Services.

The three minors, by and through their natural guardians, now bring claims against KeShawn Belcher, Ocean Springs Middle School, and Kelly Services, Inc. Initially, three separate claims were filed in state court. Subsequently, the claims were removed to federal court, and the claims were consolidated. The Complaint was then amended, and one Amended Complaint was filed.

The Plaintiffs allege numerous causes of action which can be summarized into three categories. First, the Amended Complaint alleges vicarious liability of Kelly Services for the intentional and criminal acts of Belcher. Specifically, Plaintiffs allege "OSSD and Kelly are vicariously liable for the actions of Belcher." Compl. at ¶37. The Amended Complaint next alleges Kelly is independently liable for the negligent hiring, retention and supervision of Belcher. Compl. at ¶37. Specifically claiming Kelly Services failed to "adequately and professionally monitor the activities of teachers." Compl. at ¶ 41. The Amended Complaint alleges Kelly

Services failed to use ordinary care or take reasonable steps to protect the minors. Compl. at ¶37. The third cause of action is for alleged civil rights violations under 42 U.S.C. § 1983. Lastly, Plaintiffs claim punitive damages.

Defendant's Motion for Summary Judgment should be granted as to all three categories of claims because Kelly Services cannot be vicariously liable for the criminal or intentional acts of its employee from which the employer derives no benefit, and there are no facts to establish independent negligence of Kelly in its hiring, retaining and/or supervising Defendant Belcher as a teacher. Lastly, Plaintiffs' demand for § 1983 civil rights damages lacks any support in the foregoing pleadings.

As a matter of law, employers are not vicariously liable for employees' criminal or intentional acts of their employees whose actions do not promote the purpose or role of the business. *Hatley v. Hilton Hotels Corp.*, 308 F.3d 473 (5th Cir. 2002); *Tichenor*, 32 F.3d 953, 959 (5th Cir.1994*); McClinton v. Delta Pride Catfish, Inc*., 792 So.2d 968, 976 (Miss.2001). Plaintiff cannot demonstrate any material facts to establish Belcher was acting within the course and scope of his employment in the commission of his complained-of conduct, or that Kelly authorized, ratified or benefitted in any way from his actions.

Plaintiffs have further failed to demonstrate any genuine dispute as to any material facts to suggest Kelly was independently negligent. Kelly had no knowledge of Belcher's misconduct, and Kelly did not breach its duty.

Moreover, to state a claim under § 1983, the plaintiffs must allege first that they were deprived of a right or interest secured by the Constitution and second that the deprivation occurred under color of state law. *Doe v. Rains Cnty. Indep. Sch. Dist*., 66 F.3d 1402 (5th Cir. 1995) (citing

*West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988)). Plaintiffs demonstrate no material facts to establish either of those two elements.

For these reasons, Kelly Services is entitled to summary judgment on all claims set forth in Plaintiffs' Amended Complaint and this Motion for Summary Judgment should be granted.

## II. LAW AND ARGUMENT

### A. Summary Judgment Standard

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law ." *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *Hudson v. Aetna Ins. Co.*, No. 2:04CV399-KS-JMR, 2006 WL 463129 (S.D. Miss. Feb. 24, 2006) (citing to *John v. State of La. (Bd. of T. for State C. & U.),* 757 F.2d 698, 712 (5th Cir.1985)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. Mississippi Standard for Vicarious Liability

Federal courts will use state law when evaluating substantive law tort claims such as vicarious liability. *Hiltgen v. Sumrall*, 47 F.3d 695 (5th Cir. 1995). Under well-established Mississippi law, an employer is only liable for the torts of its employee when the employee acts within the scope of his employment. *Howse ex rel. Blasingame v. Brentwood Behav. Healthcare of Mississippi*, 139 So. 3d 125, 130 (Miss. Ct. App. 2014). "An employer is not liable for an employee's intentional or criminal acts ... these acts occur neither in the course of nor as a means to accomplish the purpose

of one's employment." *Tichenor v. Roman Cath. Church of Archdiocese of New Orleans*, 32 F.3d 953 (5th Cir. 1994).

### C. Mississippi Standard for Negligence

Federal courts will apply Mississippi's standard of negligence. *Turner ex rel. Turner v. N. Panola Sch. Dist.*, No. 2:06CV0098 SAA, 2007 WL 2359773 (N.D. Miss. Aug. 14, 2007). Plaintiffs claim Kelly Services was negligent in the hiring, retention, and supervision of KeShawn Belcher.

*Negligent Hiring*

"Plaintiff[s] must prove that (i) the employer had actual notice of the employee's incompetence or unfitness; or (ii) the employer's situation was such as to cast upon the employer the duty of inquiring and the employer could have discovered the employee's incompetence or unfitness by proper diligence." *Midwest Feeders, Inc. v. Bank of Franklin*, 114 F. Supp. 3d 419 (S.D. Miss. 2015), aff'd, 886 F.3d 507 (5th Cir. 2018) (citing to *Keen v. Miller Envtl. Grp, Inc*., 702 F.3d 239, 245 (5th Cir.2012); *Doe ex rel. Brown v. Pontotoc Cnty. Sch. Dist*., 957 So.2d 410, 416–17 (Miss.Ct.App.2007)).

Alternatively, "if an employer exercises due care in the hiring of its employees, that employer will not be liable for the injuries of a third party unless that party can prove the employer knew or should have known of the incompetence and unfitness of the employee." *Backstrom v. Briar Hill Baptist Church, Inc.*, 184 So. 3d 323 (Miss. Ct. App. 2016) (quoting *Doe ex rel. Brown v. Pontotoc Cty. Sch. Dist.,* 957 So.2d 410, 417 (¶ 16) (Miss.Ct.App.2007)).

*Negligent Supervision*

The Mississippi Court of Appeals has recognized that an employer must have actual or constructive knowledge of an employee's tendency for improper behavior for liability to attach.

*Midwest Feeders, Inc.*, 114 F. Supp. 3d 419 (S.D. Miss. 2015), aff'd, 886 F.3d 507 (5th Cir. 2018) (citing to Holmes v. Campbell Props., Inc., 47 So.3d 721, 729 (Miss.Ct.App.2010)). To prove a negligent supervision claim, "a plaintiff must establish by a preponderance of the evidence the existence of a duty of care, a breach of that duty, proximate causation, and compensable damages." *Simpson Cnty. Sch. Dist. v. Wigley as Next Friend of J.L.H.*, 356 So. 3d 147 (Miss. Ct. App. 2022) (citing to *Stephens v. Miller,* 970 So. 2d 225, 227 (¶6) (Miss. Ct. App. 2007)). Moreover, "there must be a proximate causal connection between the inadequacy or lack of supervision and the accident." *Simpson Cnty. Sch. Dist.,* 356 So. 3d 147 (Miss. Ct. App. 2022).

*Negligent Retention*

Under Mississippi law, "an employer will be liable for negligent hiring or retention of his employee when an employee injures a third party if the employer knew or should have known of the employee's incompetence or unfitness*."* *Backstrom*, 184 So. 3d 323 (Miss. Ct. App. 2016). Thus, "[a] plaintiff must prove the defendant had either actual or constructive knowledge of an employee's incompetence or unfitness before the employer will become liable for the negligent hiring or retention of an employee who injures a third party." *Id*.

**D. Federal Standard for § 1983 Claims**

To state a claim under § 1983, the plaintiff must allege first that they were deprived of a right or interest secured by the Constitution and second that the deprivation occurred under color of state law. *Doe v. Rains Cnty. Indep. Sch. Dist*., 66 F.3d 1402 (5th Cir. 1995) (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988)).

**E. Punitive Damages Standard**

State substantive law is applied to claims of punitive damages while the procedure for punitive claims will be governed by federal law. *Browning-Ferris Indus. of Vermont, Inc. v. Kelco*

*Disposal, Inc.*, 492 U.S. 257, 109 S. Ct. 2909, 106 L. Ed. 2d 219 (1989). The plaintiff must prove by clear and convincing evidence that Kelly Services acted with malice, gross negligence, or a willful, wanton, or reckless disregard for the safety of others. *Bradfield v. Schwartz*, 936, 937 So. 2d 931 (Miss. 2006). The Plaintiffs must show a question of fact exists as to whether Kelly Services' conduct was willful or wanton. *Id.*

**1. Kelly Services Cannot be Vicariously Liable for the Intentional Criminal Acts of its Employee**

Under Mississippi law an employer is not liable for the employee's intentional or criminal acts unless the employer either authorized or ratified the acts. *Hatley v. Hilton Hotels Corp.*, 308 F.3d 473 (5th Cir. 2002); *Tichenor*, 32 F.3d 953, 959 (5th Cir.1994*); McClinton v. Delta Pride Catfish, Inc.*, 792 So.2d 968, 976 (Miss.2001). The Amended Complaint alleges Belcher himself committed assault and battery, invasion of privacy, and intentional inflection of emotional distress. These are all intentional and/or criminal acts, and yet Plaintiff has demonstrated no facts which allege Kelly authorized or ratified the acts. *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69 (Miss. 2017); *see also* Miss. Code Ann. § 15-1-35.

An employee acts outside the scope of his employment "so long as he is engaged in affairs of his own or in pursuing some purpose unrelated to his master's business, acting as much outside the scope of his employment as he would be were his working day ended, or his task competed." *Tichenor*, 32 F.3d 953, 959, 930 (5th Cir.1994) (quoting *Seedkem South, Inc. v. Lee*, 391 So.2d 990, 995 (Miss.1980)). Plaintiffs alleged in their Amended Complaint "students should not be apprehensive towards their teachers who are there to teach and guide the students." Compl. at ¶ 6. By their own allegations, Plaintiffs acknowledge the role of a teacher is to teach and guide the students, and then they allege Belcher took advantage of that trust by having an inappropriate relationship with the minors. *Id.*

Similarly, in *Tichnor,* the Fifth Circuit found, "smoking marijuana and engaging in sexual acts with minor boys [was] not within the scope of… employment as a Catholic priest." The court went on to define what the role of a priest was and then compared the role to the actions alleged in the complaint. Plaintiffs in this case alleged a teacher is supposed to guide, but then brings causes of action for assault, battery, invasion of privacy, false imprisonment, and intentional infliction of emotional distress. Notably, the facts allege the inappropriate relationship involved texting, contacting the minor through social media, asking to come to their house, making sexual remarks including asking for oral sex, and touching inappropriately. Clearly none of these allegations are a means to accomplish the purposes of teaching. According to Plaintiffs' own prescribed purpose of teaching, the allegations contained in the Amended Complaint are not within the scope of employment. There are no facts which demonstrate Belcher was acting within the scope of his employment or that Kelly Services ratified or authorized his conduct. In fact, the Amended Complaint established the role of teaching and then juxtaposes that role to Belcher's alleged actions. Compl. at ¶ 6.

> The student-teacher relationship is one built on trust and students should not be apprehensive towards their ***teachers who are there to teach and guide*** the students.

*Id.* (Emphasis added).

Merely being present at the school during some of the alleged acts does not impose vicarious liability. Instead, Kelly Services can only be vicariously liable if the tort was committed as "a means to accomplish the purposes of the employment." *Howse*, 139 So. 3d 125, 130 (Miss. Ct. App. 2014). Again, the facts of the Complaint establish the opposite. Blecher's role as a teacher was to guide and teach students; instead, he allegedly assaulted and emotionally damaged

the minor students. By Plaintiffs' own allegations, Kelly Services did not authorize Belcher's acts, and there is no vicarious liability.

The Amended Complaint's well-pled facts do not establish Kelly Services is vicariously liable for the actions of Belcher. There are no allegations that Kelly authorized or ratified the acts, and Blecher's actions did not promote the purpose of his employment. Merely stating that some of the actions took place while at the school is not enough to bring the alleged acts into the scope of employment. *See L.T. ex rel. Hollins v. City of Jackson, 145 F. Supp. 2d 750* (S.D. Miss.) (stating the test is whether the employee is engaged in his employer's business at the time of the incident.) As a matter of law, Kelly Services cannot be vicariously liable to the plaintiffs, and this Court should dismiss the causes of action against Kelly Services for assault, battery, invasion of privacy, false imprisonment, intentional infliction of emotional distress, and any other causes of action based on the intentional or criminal acts of Blecher.

2. **Plaintiff does not demonstrate any genuine dispute as to any material facts which show Kelly Services was independently negligent.**

It is well established under Mississippi law the elements of a negligence claim are duty, breach of duty, proximate cause, and injury. *Palmer v. Anderson Infirmary Benev. Ass'n,* 656 So. 2d 790 (Miss. 1995) (citing to *Palmer v. Biloxi Regional Medical Center, Inc.*, 564 So.2d 1346, 1355 (Miss.1990)). "For a plaintiff to recover in a negligence action the conventional tort elements of duty, breach of duty, proximate causation and injury must be proven by a preponderance of the evidence." *Id*. If there is no breach of duty, there can be no negligence claim. Mississippi Courts have further held if there is no evidence in the record to suggest the alleged inappropriate act would have been discovered but for some negligence of the defendant, or that the defendant knew or should have known of prior conduct or unfitness, summary judgment is appropriate. See *Backstrom*, 184 So. 3d 323 (Miss. Ct. App. 2016).

Plaintiffs' Amended Complaint alleges Kelly Services was independently negligent in several ways such as negligently hiring, retaining, and supervising Belcher, failing to investigate charges of misconduct, prosecute and report acts of misconduct, take necessary precautions with information of misconduct, and failing to properly train others to take appropriate actions. Compl. at ¶ 38-40. The Amended Complaint goes on to state Kelly Services was negligent in failing to have in place adequate procedures, failing to properly qualify applicants, failing to assess and examine the level of knowledge of applicants, negligently creating a dangerous condition, failing to increase the level of knowledge of employees, failing to observe, evaluate, and critique, failing to have adequate training programs, failing to monitor the activities of teachers, and failing to perform duties and responsibilities required of entities conducting school operations. *Id.* at ¶ 41. Despite Plaintiffs' vague claims of negligence, one element is missing for every allegation. Kelly Services did not breach its duty because it did not negligently hire, retain, or supervise Belcher.

*Negligent Hiring*

To support a claim of negligent hiring, the material facts must demonstrate Kelly knew or should have known Belcher had a history of inappropriate relations with minor children and that he would continue to pursue those activities when employed by Kelly. *Tichenor*, 32 F.3d 953, 960 (5th Cir. 1994). The Amended Complaint contains no such facts. In Mississippi, while the employer has a duty to exercise due care in hiring its employees, that duty is only breached if the employer knew or should have known the employee's propensity for misbehavior. *L.T. ex rel. Hollins v. City of Jackson, 145 F. Supp. 2d 750* (S.D. Miss.) (citing *Jones v. Toy*, 476 So. 2d 30, 31 (Miss. 1985)). There is no evidence in the record to suggest that Belcher's conduct would have been discovered but for some negligence of Kelly Services. Belcher had no prior criminal history,

and there was no notice of his propensity towards children. See *Backstrom*, 184 So. 3d 323 (Miss. Ct. App. 2016).

The Amended Complaint does not allege any facts which suggest Kelly Services knew or should have known of Belcher's alleged propensity to commit sexual misconduct before he was hired. In fact, the Amended Complaint does not allege Blecher had the propensity at all to commit sexual misconduct or that he had any history of inappropriate relations. Nothing in the Plaintiffs' Amended Complaint has suggested Belcher had such a propensity or that it could be known by Kelly Services before his arrest for the allegations which gave rise to this claim. Moreover, Kelly ran not one, but two criminal background searches on Belcher during his tenure with Kelly. *See* Affidavit of Sherre Biermann, dated January 7, 2025 attached as **Exhibit A** to the Motion of Defendant Kelly Servies, Inc. for Summary Judgment (hereinafter Exhibit A). These searches revealed no criminal history or other means to suggest Belcher had a criminal propensity. In fact, one of the searches was run on March 30, 2023, mere weeks before the incident and returned no information suggesting a criminal propensity of Belcher for misconduct. *Id.*

### *Negligent Retention*

Similarly to the standard for negligent hiring claims, the employer must have known or should have known of the employee's incompetence or unfitness. *Backstrom*, 184 So. 3d 323 (Miss. Ct. App. 2016). For Plaintiffs to survive this Motion for Summary Judgment, they must demonstrate Kelly Services had either actual or constructive knowledge of a Belcher's incompetence or unfitness. *Id*. No such record exists in Plaintiffs favor. However, Kelly Services has demonstrated it had no knowledge, either actual or constructive, of Belcher's unfitness. Plaintiffs have failed to demonstrate if Belcher had a prior criminal history or prior complaints for sexual misconduct.

Plaintiffs' Amended Complaint vaguely references Kelly's alleged failure to operate in accordance with "numerous policies, procedures, and statutes." Compl. at ¶ 41. Despite not pleading any facts demonstrating how Kelly violated these various rules, the Fifth Circuit has held a defendant's non-compliance with its internal policies is but one factor in a breach of duty analysis and is not dispositive evidence of a breach. *Keen v. Miller Env't Grp., Inc.*, 702 F.3d 239, 247 (5th Cir. 2012). Merely alleging Kelly did not comply with its policies is not enough to establish breach of duty. Even if merely alleging noncompliance was sufficient, Kelly Services' policies and procedures only require one criminal background check at the start of employment. *See* **Exhibit A.** Only if that employee does not take an assignment for 150 consecutive days does Kelly's internal procedures require them to run an additional background check. As such, Belcher received an additional background check after he was inactive for five months. *Id*. This background check revealed no criminal history, and Belcher's account with Kelly was reactivated for assignment.

*Negligent Supervision*

The Complaint contains further allegations such as, "Defendants were negligent, for among other things, in failing to have in place adequate procedures… failing to properly qualify applicants…failing to assess and examine the level of knowledge of applicants… failing to observe, evaluate and critique on a continuing basis, failing to have an adequate training program in place, failing to… monitor the activities of teachers." Compl. at ¶ 41. However, there are no material facts which would allow this Court to infer that Kelly Services itself breached its duty. The nature of Kelly Services is to place temporary employees. Representatives of Kelly would not patrol the halls of schools to evaluate the teachers it placed. Instead, Kelly relies on the schools to complete evaluations of the teachers. Plaintiffs have provided no evidence to the record which suggest Kelly knew or should have known that Belcher was unfit.

The Northern District of Mississippi ruled on a similar case in which the Complaint simply did not contain any factual allegations which could allow a court to plausibly find liability.

> Plaintiff's complaint sets forth absolutely no facts that allow the Court to infer that the Defendants are liable for the misconduct alleged. …***Plaintiff's additional conclusory and formulaic assertions that the decedent's death was caused by the "grossly negligent supervision of prisoners" and "the grossly negligent training and supervision of officials" are simply insufficient to give rise to an inference of liability***. Nor, contrary to the regurgitation of such averments throughout the complaint, is Plaintiff's case saved by the repetition of such vague allegations in varied form.

*Tate v. Lafayette Cnty. Miss.*, No. 1:11-CV-00204, 2012 WL 6454579 (N.D. Miss. Dec. 13, 2012). (Emphasis added).

Similarly, the Plaintiffs' Amended Complaint here merely provides conclusory statements inferring the inappropriate alleged relationship between Belcher and the minors were caused by the Kelly Services' negligent hiring, retention, and supervision of the teacher. Compl. at ¶¶ 38-41. Mississippi law requires an employer know or have reason to know the employee has a propensity for this misconduct alleged.

Plaintiffs have not demonstrated any material facts which would reasonably infer Kelly authorized or ratified Belcher's conduct or that it knew or should have known of Belcher's alleged misconduct. Conversely, Kelly has demonstrated it not only complied with its own policies but went above and beyond those polices when it placed Belcher in a school nor did it authorize or ratify Belcher's alleged acts against the Plaintiffs. See **Exhibit A**. Because Kelly did not breach its duty, there is no genuine dispute as to any material fact, and Defendant Kelly Services is entitled to judgment as a matter of law.

3. **Plaintiffs demonstrate no material facts sufficient to establish a claim for relief under U.S.C. §1983.**

To recover under §1983, plaintiffs must assert a protected liberty or property interest and show they were deprived of that interest under color of state law. *Doe*, 66 F.3d 1402, 1406 (5th

Cir. 1995) (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir.1994)). However, §1983 does not create any substantive rights. Instead, it merely provides a path for enforcing rights that are conferred by the Constitution or federal statutes. To allege a claim under §1983, a plaintiff must identify a specific right that has been violated and demonstrate that the violation was committed by someone acting under the color of state law. *Jones v. Tyson Foods, Inc.,* 971 F. Supp. 2d 632 (N.D. Miss. 2013). An action occurs "under color of law when there is misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Dillon*, 532 F.3d 379, 384 (5th Cir. 2008).

Plaintiffs have not demonstrated any material facts which could prove Kelly Services was either vicariously or independently negligent. This leaves on their claim for damages under §1983. However, the Amended Complaint merely references "deprivation of constitution rights," with no specific material facts detailing how Kelly Services acted under the color of law to deprive the Plaintiffs of their rights. Because Kelly Services was neither vicariously or independently negligent to the minors, as a matter of law they could not have violated their constitutional rights. As such, the claim for damages under §1983 should be dismissed.

### 4. Plaintiffs have demonstrated no material facts which would entitle them to an award of punitive damages.

Because there is no genuine dispute as to Kelly Services' negligence, neither vicarious nor independent, there can be no claim for punitive damages. It is well established punitive damages are not awarded as a matter of right and are reserved to deter similar conduct in the future. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); *Heaney v. Roberts*, 846 F.3d 795 (5th Cir. 2017) (quoting *Hale v. Fish*, 899 F.2d 390, 404 (5th Cir. 1990)). As detailed in this Memorandum above, Kelly Services is not vicariously liable for the criminal and intentional acts of its employees, and it did not breach its duty owed to the

Plaintiffs. If Kelly Services was not even plainly negligent, logic would follow it could not have been grossly negligent, and the Plaintiffs' claim for punitive damages should be dismissed.

Alternatively, if this court did not grant Kelly Services' motion as to the negligence claims, this motion should still be granted as to the punitive damages claim. "Punitive damages may be awarded in § 1983 cases 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Heaney v. Roberts,* 846 F.3d 795 (5th Cir. 2017) (quoting *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). There are no material facts in this case to demonstrate Kelly Services acted with reckless indifference to the rights of the Plaintiffs. As discussed above, Kelly was not made aware of Belcher's previous instance of misconduct until after the incident which is the subject of this litigation. Kelly Services conducted background checks which revealed no criminal record for Belcher.

## CONCLUSION

There is no genuine dispute as to any material fact which could demonstrate Kelly Services is vicariously or independently liable as is required under Mississippi or that any of the Plaintiffs' Constitutional rights were violated under § 1983. Kelly Services cannot be vicariously liable for the criminal or intentional acts of their employees. Furthermore, Kelly Services had no prior knowledge of Belcher's previous instances of misconduct, so they could not haven negligently hired or retained Belcher. Because Kelly Services was neither vicariously nor independently negligent, they did not violate any of the Plaintiff's constitutional rights, and there can be no claim under §1983 or for punitive damages. Therefore, Kelly Services' Motion should be granted as a matter of law.

WHEREFORE PREMISES CONSIDERED, Defendant Kelly Services, Inc., respectfully prays for dismissal from the case and any other relief deemed appropriate in the premises.

RESPECTFULLY SUBMITTED, this the 7th day of January, 2025.

KELLY SERVICES, INC.

BY: **DEUTSCH KERRIGAN, L.L.P.**

*/s/ Peyton M. Farve*
R. DOUGLAS VAUGHN (#99404)
PEYTON M. FARVE (#106682)

R. Douglas Vaughn (#99404)
Peyton M. Farve (#106682)
**DEUTSCH KERRIGAN, L.L.P.**
2510 14th Street, Suite 1001
Gulfport, MS 39501
Telephone: (228) 864-0161
Facsimile: (228) 863-5278
dvaughn@deutschkerrigan.com
pfarve@deutschkerrigan.com
*Attorneys For Defendant Kelly Services, Inc.*

**CERTIFICATE OF SERVICE**

I, PEYTON M. FARVE, hereby certify that on this day I electronically filed the above and foregoing pleading or other paper with the Clerk of Court using the ECF system which sent notification of such filing to all enrolled counsel of record.

This the 7th day of January, 2025.

>*/s/ Peyton M. Farve*
>PEYTON M. FARVE (#106682)

R. Douglas Vaughn (#99404)
Peyton M. Farve (#106682)
**DEUTSCH KERRIGAN, L.L.P.**
2510 14th Street, Suite 1001
Gulfport, MS 39501
Telephone: (228) 864-0161
Facsimile: (228) 863-5278
dvaughn@deutschkerrigan.com
pfarve@deutschkerrigan.com
***Attorneys for Defendant Kelly Services, Inc.***