IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PH, A MINOR, BY AND THROUGH HER
ADULT NEXT FRIEND AND LEGAL
GUARDIAN, PATRICIA HUNT                                                                 PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 1:24-CV-00134-TBM-RPM

KESHAWN BELCHER, KELLY
SERVICES, INC., OCEAN SPRINGS
SCHOOL DISTRICT, and JOHN DOES 1-10                                                     DEFENDANTS

_____

JB, A MINOR, BY AND THROUGH HIS
ADULT NEXT FRIEND AND LEGAL
GUARDIAN, JONATHAN BALDWIN                                                              PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 1:24-cv-135-TBM-RPM

KESHAWN BELCHER, KELLY
SERVICES, INC., OCEAN SPRINGS
SCHOOL DISTRICT, and JOHN DOES 1-10                                                     DEFENDANTS

_____

DTC, A MINOR, BY AND THROUGH HER
ADULT NEXT FRIEND AND LEGAL
GUARDIAN, LUIS MIGUEL TORRES MORALES                                                    PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 1:24-CV-136- TBM-RPM

KESHAWN BELCHER, KELLY
SERVICES, INC., OCEAN SPRINGS
SCHOOL DISTRICT, and JOHN DOES 1-10                                                     DEFENDANTS

_____

**OCEAN SPRINGS SCHOOL DISTRICT'S MEMORANDUM BRIEF
IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

_____

{D2491136.1}

**Preliminary Statement**

Plaintiffs have failed to meet the federal pleading standard. Plaintiffs have offered an improper shotgun pleading and failed to state actual facts in support of their claims. Plaintiffs also appear to assert claims against OSSD for which they are not entitled to relief. Plaintiffs' pleading insufficiency alone justifies dismissal of all claims against OSSD.

Any claims against OSSD also fail on the merits. The facts developed in discovery show that OSSD had no prior notice that KeShawn Belcher had perverse inclinations towards children. The facts also show that OSSD took every appropriate action to act in the best interest of its students.

**I.   Facts**

In 2022 and 2023 KeShawn Belcher ("Belcher") was employed by Kelly Services as a substitute teacher. On Monday, April 17, 2023, Belcher presented to the Ocean Springs Middle School ("OSMS") as a substitute teacher. Exhibit "1" p. 30 ln. 6-9. Belcher had never worked at OSMS before this assignment. Exhibit "1" p. 30 ln. 10-11.

On April 19, 2023, OSSD assistant principal Nikeland Cooper learned of and issue with Belcher's classroom management. Mr. Cooper counseled Belcher on appropriate punishment and disciplinary actions pursuant to the Ocean Springs Middle School handbook. Exhibit "1" p. 37-38. On Thursday, April 20, 2023, at approximately 6:00 p.m., Krista Gallaspy, a teacher, reported to Mr. Cooper that Natalie Colle, the women's soccer coach at Ocean Springs Middle School stated that Belcher had taken one of her player's phones and was taking photos. Exhibit "2" p. 15-16. Colle also stated that Belcher was telling students that he likes both men and women, along with other inappropriate comments. *Id*.

On Friday, April 21, 2023, while Mr. Cooper was on his way to meet with Belcher about the allegations reported by Mrs. Gallaspy, Dr. David Lapointe, another assistant principal, asked Cooper to speak with Belcher about throwing markers at students in the classroom. *Id*. During the meeting, Belcher admitted that he got upset and threw markers at a student. *Id*. Cooper redirected Belcher for this behavior, and Belcher promised that he would cease the behavior. *Id*. Belcher

{D2491136.1}

denied that he stated he liked men and women. *Id*. Belcher also repeatedly denied taking photos on a student's phone. *Id*. Cooper was not in possession of any proof to the contrary. *Id*. Later in the afternoon of Friday, April 21, 2023, Cooper received proof from two students that Belcher had, in fact, taken photos on their phones. *Id*. At the end of the day, Cooper informed Belcher that he was not to return to school and was longer allowed to serve as a substitute at Ocean Springs Middle School. *Id*.

On Monday, April 24, 2023, the Ocean Springs School District learned, through reports of students, that Belcher had inappropriate communications *via* Snapchat with several students. *Id*. Also on April 24, 2023, D.T.C. reported to behavioral specialist Tori Murray that Belcher had made unwanted physical contact with her. Exhibit "1" p. 49-50; Exhibit "2" p. 15-16.

OSSD began an investigation into the reports of Belcher's misconduct, including interviewing students. Exhibit "1" p. 48 ln. 14-25. Robert Sidaway, of the OSSD's police department became involved in the investigation and after hearing the reports from P.H. and D.T.C., he contacted OSSD's Chief of Police Jessie Galloway. Exhibit "1" p. 41. The incident was reported to the Ocean Springs Police Department who assumed the investigation. Exhibit "1" p. 48. Ultimately, Belcher was arrested by the Ocean Springs Police Department.

In April 2024, Belcher was indicted on nine counts including: touching of a child for lustful purposes, five counts of exploitation of a child, and three counts of dissemination of sexually oriented materials to persons under eighteen years of age. Exhibit "3." On August 19, 2024, Belcher entered a guilty plea on six of the counts and sentenced to serve a total of twenty (20) years in the custody of the Mississippi Department of Corrections. Exhibit "4."

## II. Procedural History

On March 28, 2024, PH, DTC, and JB filed individual complaints in the Circuit Court of Jackson County, Mississippi. [Doc. 1] On May 8, 2024, Kelly Services removed the cases to this Court pursuant to 28 U.S.C. §§1331, 1441, and 1446. *Id*. On May 15, 2024, OSSD filed its Answer to Complaint. [Doc. 4[1]] On June 6, 2024, an Unopposed Motion to Consolidate the Cases was filed. [Doc. 6] On June 12, 2024, the cases were consolidated. [Doc. 7]

On June 14, 2024, this Court entered an Order Requiring Briefing on Subject Matter Jurisdiction stating that the Plaintiffs' Complaints reference 42 U.S.C. §1983 and the Fourteenth Amendment to the U.S. Constitution in their prayers for relief. [Doc 1-1 at p. 11]. The Court indicated that it was unclear how the Plaintiffs' rights had been violated under 42 U.S.C. §1983 and the Fourteenth Amendment to the U.S. Constitution, and required the parties to respond. [Doc. 10]. On July 8, 2024, Plaintiffs filed their response and attached a proposed Amended Complaint which purportedly contained "sufficient information and allegations to apprise the defendants of the claims against them, demonstrating how their actions have violated the plaintiff(s) rights and how such violations of fit within the subject matter jurisdiction of this Court. …" [Doc. 14].

On November 26, 2024, Plaintiffs filed their Amended Complaint. [Doc. 40]. OSSD and Kelly Services filed their Answer to the Amended Complaint. [Docs. 43 and 44]. The Court conducted a Case Management Conference on January 7, 225 and entered its Case Management Order. [Doc. 48]. The parties exchanged pre-discovery disclosures, written discovery, designated experts and were deposed. The discovery deadline was September 26, 2025. *Id*.

---

[1]The references to the documents as filed on the Court's docket are to Civil Action No. 1:24-cv-134.

{D2491136.1}

### III. Law and Argument

### A. Rule 12(b)(6) Standard

In evaluating a Rule 12(b)(6) motion, the court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; see also *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**B. Plaintiffs have failed to state a cognizable claim against OSSD in their Amended Complaint.**

Plaintiffs' vicarious liability claims against OSSD fail as a matter of law. Plaintiffs' direct claims do not meet the federal pleading standard. Therefore, without even addressing the merits, dismissal is proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs appear to allege that OSSD is vicariously liable for the following claims against Belcher: (1) negligence; (2) assault; (3) unspecified invasion of privacy; (4) intentional infliction of emotional distress; (5) false imprisonment; and (6) violation of Plaintiffs' due process rights to personal security, physical safety, and bodily integrity. [Doc. 40 at 4-6 (¶¶25-37, 43)].

Plaintiffs also appear to allege that OSSD is directly liable for the following possible claims: (1) negligent hiring, retention, and supervision;[2] (2) failure to investigate, prosecute, report, and train other employees to "take appropriate actions to protect students . . . .";[3] (3) negligent failure to adopt procedures for hiring personnel who would have prevented "these incidents;"[4] (4) negligent creation of a dangerous condition;[5] (5) failing to perform unspecified duties "as required by numerous policies, procedures, and statutes . . . .";[6] (6) violation of Plaintiffs' "due process right to personal security, physical safety, and bodily integrity . . . .";[7] (7) failure to provide a safe school environment;[8] (8) "ignoring reports, knowledge and signs of inappropriate activities between Belcher and certain students which led to the constitutional violations"[9] (9) "a custom or practice of ignoring reports, knowledge, and signs of inappropriate activities between Belcher and

---

[2] [Doc. 40 at 6 (¶38)].
[3] Plaintiffs do not specify whether they allege this is intentional or negligent conduct. [Doc. 40 at 6 (¶39)].
[4] [Doc. 40 at 6-7 (¶41)]
[5] *Id.*
[6] *Id.*
[7] [Doc. 40 at 7 (¶43)]
[8] *Id.*
[9] *Id.*

certain students which led to constitutional violations" which remain unspecified;[10] (10) practice and policy of deliberate indifference to Plaintiffs' constitutional and legal rights to bodily integrity and freedom from sexual harassment/abuse;[11] and (11) gross negligence/reckless disregard.[12] Plaintiffs' failure to meet the federal pleading standard is facially apparent because OSSD cannot tell whether some of these claims are meant to serve as standalone negligence theories or whether Plaintiffs are attempting to plead them as elements of other claims.

The Complaint fails to comply with the pleading standard of Rule 8 as it simply contains a recitation of some facts and "labels and conclusions" of general legal theories. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

> **i.    Plaintiffs failed to comply with the federal pleading standard because they failed to connect their claims to facts that support OSSD's liability.**

If a plaintiff identifies a legally cognizable claim in the complaint, the plaintiff must also set forth a plausible factual basis for relief. *Iqbal*, 556 U.S. 662, 678 (2009). To meet this pleading requirement, a complaint must allege ***actual facts*** to support each element of each cause of action asserted. *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (emphasis added). "[F]acts [that] do not permit the court to infer more than the mere possibility of misconduct fail to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure." *Higgenbotham v. Connatser*, 420 Fed. Appx. 466, 468 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679; 129 S. Ct. at 1949, 1950).

### a.    Factual Deficiencies in the Direct Claims

Plaintiffs' Amended Complaint can be broken into two substantive parts: (1) the Facts [Doc. 40 at 2-4 (¶¶4-23)]; and (2) the Causes of Action [Doc. 40 at 4-9 (¶¶24 through the unnumbered Paragraph beginning with "WHEREFORE, PREMISES CONSIDERED . . .," inclusive of sub-

---

[10] [Doc. 40 at 7 (¶44)]
[11] [Doc. 40 at 7-8 (¶45-46)]
[12] [Doc. 40 at 8 (¶47)]

parts (a) through (d))]. Of the 11 possible direct claims Plaintiffs have attempted to assert against OSSD, Plaintiffs have not supported *any* of them with facts sufficient to satisfy the plausibility requirement. [13] It appears that the possible 11 direct claims against OSSD either fall into the category of state law "negligence" or federal "constitutional violations," since Plaintiffs expressly used these words. *See* [Doc. 40 at 6-9].

Plaintiffs have failed to support a negligence claim against OSSD with actual facts. Mississippi's law applies to Plaintiffs' state law claims. *McBay v. Harrison County*, 2008 U.S. Dist. LEXIS 61057, at *5 (S.D. Miss. August 7, 2008)(stating that federal courts exercising supplemental jurisdiction over state law claims must apply the state's substantive law)(citing *Zavala v. City of Houston, Texas*, 196 F.3d 1256 (5th Cir. 1999)). Plaintiffs must prove duty, breach, causation, and damages to support a negligence claim. *Demoney v. Gateway Rescue Mission*, 304 So. 3d 652 (Miss. Ct. App. 2020)(citing *Patterson v. Liberty Assocs. L.P.*, 910 So. 2d 1014, 1019 (Miss. 2004). Plaintiffs failed to identify any actual facts showing how OSSD breached any duty owed to them that caused them to suffer damages. *See* [Doc. 40]. Plaintiffs' mere conclusions cannot be afforded the assumption of truth. *Iqbal*, 556 U.S. at 664. Therefore, Plaintiffs' vague and conclusory negligence theories must be dismissed.

After being given an opportunity to re-plead their claims to comply with the higher[14] federal pleading standard, Plaintiffs have still failed to establish a plausible factual basis for relief under 42 U.S.C. § 1983 in their Amended Complaint. Plaintiffs claim OSSD is liable for damages pursuant to § 1983 for unspecified constitutional violations. [Doc. 40 at 9]. Because OSSD is a

---

[13] The direct claims asserted against OSSD and/or Kelly start in Paragraph 38 of Plaintiffs' Amended Complaint and appear to extend to the end of the "WHEREFORE, PREMISES CONSIDERED" Paragraph. [Doc. 40 at 6-9].
[14] "Mississippi is a 'notice pleadings' state; fact pleadings are not required." *White v. Jernigan Copeland Attorneys, PLLC*, 346 So.3d 887, 898 (Miss. 2022) (quoting *City of Meridian v. 104,960.00 U.S. Currency*, 231 So. 3d 972, 975 (Miss. 2017)); *see* Miss. R. Civ. P. 8(a).

governmental entity, the Supreme Court's *Monell* opinion establishes the baseline for Plaintiffs' § 1983 claims. *Monell v. Dep't of Soc. Servc.*, 436 U.S. 658, 694 (1978) (holding that a municipality may be liable under § 1983 only when the execution of a governmental entity's policy or custom inflicts the injury). The Fifth Circuit Court of Appeals has held that municipal liability under *Monell* requires proof of (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F. 3d 567,578 (5th Cir. 2001), *Pineda, et al v. City of Houston*, 291 F. 3d 395, 328 (5th Cir. May 9, 2002). Plaintiffs alleged that "Defendants had a custom or practice of ignoring signs and reports of misconduct, including clear rule and boundary violations by Belcher." Other than this conclusory statement which arguably suggests some official policy or custom exists, Plaintiffs have failed to plead any actual facts which support that OSSD, specifically, had a policy or custom which was the moving force behind some constitutional violation. Plaintiffs' § 1983 theories against OSSD must be dismissed.

### b. Improper "Shotgun" Pleading in the Direct Claims

Out of the 11 possible direct claims, nine are asserted against "Defendants" globally or OSSD *and* Kelly rather than OSSD specifically. [Doc. 40 at 6-9]. This is an impermissible "shotgun pleading." Shotgun pleadings are prohibited by the Federal Rules of Civil Procedure. *Sahlein v. Red Oak Capital, Inc.*, No. 3:13-CV-00067-DMB-JMV, 2014 U.S. Dist. LEXIS 90860 at *9 (N.D. Miss. July 3, 2014)(citing *Strategic Income Fund, LLC v. Spear, Leeds, & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)). "Quintessential shotgun pleadings . . . fail to distinguish between the actions of named defendants." *Sahlein*, No. 3:13-CV-00067-DMB-JMV, 2014 U.S. Dist.

{D2491136.1}

LEXIS 90860, at *9 (quoting *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).[15] Plaintiffs have attributed discrete actions to multiple Defendants and failed to distinguish how the actions apply to each Defendant. [Doc. 40 at 6-9]. All Plaintiffs' shotgun-style claims must be dismissed. *Sahlein*, No. 3:13-CV-00067-DMB-JMV, 2014 U.S. Dist. LEXIS 90860, at *10-11 (citing *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1126-27 (11th Cir. 2014)).

The only conclusory allegations Plaintiffs specifically attribute to OSSD are "failure to provide a safe school environment" and "ignoring reports, knowledge and signs of inappropriate activities between Belcher and certain students which led to the constitutional violations." [Doc. 40 at 7 (¶43)]. Again, OSSD cannot tell whether Plaintiffs are attempting to assert individual negligence theories or elements of other claims. Nevertheless, Plaintiffs offer no facts to support these allegations other than pointing to Belcher's conduct and suggesting that OSSD's culpability should be inferred. To the extent these are standalone claims, they should be dismissed for failure to comply with the federal pleading standard.

### ii. Vicarious liability claims cannot be brought under a § 1983 theory.

To the extent Plaintiffs are attempting to assert a vicarious liability claim against OSSD under § 1983, this claim fails as a matter of law. *Monell v.* 436 U.S. at 694 (holding that "[a] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.")[16]

---

[15] The Court also explained that a shotgun pleading may be identified by "the inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *Sahlein*, 2014 U.S. Dist. LEXIS 90860 at *10-11. (quoting *Martinez v. Nueces Cnty., Tex*, No. 2:13-cv-178, 2013 U.S. Dist. LEXIS 168228, at *4 (S.D. Tex. Nov. 26, 2013)).

[16] OSSD does not concede that it was Belcher's employer for purposes of a vicarious liability analysis.

{D2491136.1}

### iii. Plaintiffs failed to sufficiently plead vicarious liability for state law claims against Belcher.

Plaintiffs appear to allege that OSSD is vicariously liable for Belcher's negligence. [Doc. 40 at 4 (¶25), 6 (¶37)]. However, Plaintiffs do not plead any claims directly against Belcher that sound in negligence. *See* [Doc. 40]. Therefore, Plaintiffs have failed to adequately support claims that Belcher was negligent—and OSSD's vicarious liability for Belcher's negligence—with sufficient facts. This claim against OSSD must be dismissed.

### iv. OSSD is immune from vicarious liability for Belcher's criminal acts.

Plaintiffs also allege that OSSD is vicariously liable for several intentional torts Belcher committed—assault, invasion of privacy, intentional infliction of emotional distress, and false imprisonment. OSSD cannot be vicariously liable for these acts because OSSD was not Belcher's employer—Kelly was. Further, the Mississippi Tort Claims Act ("MTCA") states that "a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." Miss. Code Ann. § 11-46-7(2). Mississippi law states that an employer's activity must be in furtherance of the purpose of the employment to be considered within the course and scope. *Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d 357, 361-62 (Miss. 2004)(citing *Seedkem South, Inc. v. Lee*, 391 So.2d 990, 995 (Miss. 1980)). OSSD cannot be liable for Belcher's criminal acts. Further, Plaintiffs failed to plead facts supporting that OSSD was Belcher's employer. *See* [Doc. 40]. Plaintiffs also failed to plead facts supporting that Belcher's intentional and criminal acts advanced the purpose of OSSD's institutional goals. Plaintiffs' vicarious liability theories against OSSD must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### v. Plaintiffs' claims against OSSD should be dismissed in their entirety.

The Court need not consider the merits of Plaintiffs' claims because the Amended Complaint does not meet the federal pleading standard. OSSD does not know which—or how many—claims Plaintiffs are attempting to assert against it. *See* [Doc. 40]. This shows Plaintiffs' clear failure to meet the federal pleading standard. Plaintiffs' Amended Complaint also fails to offer any facts which would lead the Court to believe OSSD is *plausibly* liable, though it includes a variety of grievous factual allegations against Belcher, individually. *Id.* Plaintiffs' claims are ripe for dismissal with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. Summary Judgment Standard

Because the facts developed in discovery also fail to support any wrongdoing by OSSD under any legal theory, OSSD alternatively moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This Court has articulated the well-established standard as follows:

> A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. Id. at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

*Levin v. Huntington Ingalls, Inc.*, 2016 U.S. Dist. Lexis 143489 at *6, 7 (S.D. Miss. August 15, 2016).

**D. There is no factual basis for liability against OSSD.**

 **i. Plaintiffs cannot show that some policy or custom at OSSD is the moving force behind any constitutional violations.**

Again, to establish liability pursuant to 42 U.S.C. § 1983 against OSSD, Plaintiffs must prove that OSSD has adopted (1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) that policy or custom is the moving force behind some constitutional violation. *Monell*, 436 U.S. at 694; *Piotrowski*; 237 F. 3d at 578 (5th Cir. 2001).

Plaintiffs simply cannot prove the elements of municipal liability under *Monell*. There is no policy or custom which an official policymaker at OSSD has knowledge of that was the moving force behind Belcher's repugnant, criminal acts. *See* Exhibit "5". There are no genuine issues of material fact in dispute and OSSD is entitled to summary judgment as a matter of law as to any alleged § 1983 claims for violation of any constitutional right.

 **ii. Plaintiffs cannot show that OSSD breached some duty owed to them which caused them to suffer damages.**

Plaintiffs' Complaint appears to allege that OSSD was negligent in its hiring, retention, and supervision of Belcher; negligent in its failure to investigate, prosecute, report, and train other employees to "take appropriate actions to protect students; negligent in failing to adopt procedures for hiring personnel who would have prevented "these incidents;" negligently created a dangerous condition; failed to perform unspecified duties failed to provide a safe school environment; gross negligence and reckless disregard. [Doc. 40]

It is undisputed that OSSD was not negligent. In fact, quite the opposite is shown by the facts discovered by the parties. Before Belcher first presented to the Ocean Springs Middle School, he passed a background check as required by OSSD's contract with Kelly. Exhibit "6" p. 20 ln. 9-16;

{D2491136.1}

Exhibit "7." Additionally, OSSD ran Belcher's ID through a scanner that checked his name to ensure he was not a felon or sex offender. Exhibit "1" p. 35 ln. 4-18; Exhibit "2" p. 5. There is no evidence that OSSD had notice of any perverse inclinations or prior misconduct attributable to Belcher before he began as a substitute teacher at Ocean Springs Middle School.

Assistant principal Nikeland Cooper served as Belcher's supervisor while he substituting at the Ocean Springs Middle School. Exhibit "1" p. 57 ln. 15-17; Exhibit "2" p. 6-7. Cooper checked in on Belcher and visited his classroom at different times. Exhibit "1" p. 57 ln. 9-14. Cooper had no knowledge of any issues with Belcher's placement until Wednesday, April 19, 2023, when Belcher was having classroom management issues. Exhibit "2" p. 15. Cooper promptly redirected Belcher regarding these issues and instructed him to comply with the school's handbook. Exhibit "1" p. 37-38; Exhibit "2" p. 13. OSSD did not learn of any other issues with Belcher's placement until the evening of Thursday, April 20, 2023. That evening, Cooper learned of allegations from other OSSD personnel that Belcher had taken a student's phone and took photos on it and that Belcher had made inappropriate comments to students that he liked both men and women. Exhibit "2" p. 15-16. Before Cooper could meet with Belcher to investigate the allegation, he learned of another allegation that Belcher had been throwing markers at students. *Id.* On Friday, April 21, 2023, Cooper met with Belcher, who admitted he threw the markers but denied making inappropriate comments or taking photos on a students' phones. *Id.* Later in the day on Friday, April 21, 2023, Cooper received proof that Belcher had lied about taking photos on students' phones, Cooper informed Belcher that he was terminated and instructed him that he would not be allowed to return to Ocean Springs Middle School. *Id.*

Nikeland Cooper and OSSD met every issue that arose during Belcher's substitute period with prompt investigation and administrative oversight. While Belcher did demonstrate behaviors

{D2491136.1}

unbecoming of a substitute teacher that ultimately led Cooper to instruct him not to return, none of these behaviors were criminal in nature.

On Monday, April 24, 2023, *after* Cooper terminated Belcher and instructed him not to return, OSSD learned of allegations against Belcher which were criminal in nature. Exhibit "2" p. 15-16. OSSD promptly investigated the allegations and involved the local authorities, which ultimately led to Belcher's arrest. Exhibit "1" p. 48 ln. 14-24. The facts show that OSSD acted with reasonableness and prudence—not negligence.

Plaintiffs allege that Belcher sent inappropriate digital communications to P.H., J.B., and D.T.C. [Doc. 40 at 3]. The fact that inappropriate communications took place does not demonstrate negligence on the part of OSSD. There was simply no way for OSSD to know of any inappropriate digital communications being exchanged between Belcher and students.

Plaintiffs also allege that Belcher had inappropriate physical contact with D.T.C. [Doc. 40 at 4]. While tragic and grotesque, the mere fact that inappropriate contact took place also does not prove that OSSD was negligent.

To prove that OSSD was negligent in hiring or retention of Belcher "Plaintff[s] must prove that (i) the employer[17] had actual notice of the employee's incompetence or unfitness; or (ii) the employer's situation was such as to cast upon the employer the duty of inquiring and the employer could have discovered the employee's incompetence or unfitness by proper diligence." *Midwest Feeders, Inc., v. Bank of Franklin*, 114 F. Supp. 3d 419 (S.D. Miss. 2015), aff'd, 886 F.3d 507 (5th Cir. 2018) (citing *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 245 (5th Cir. 2012); *Does ex rel. Brown v. Pontotoc Cnty. Sch. Dist.*, 957 So. 2d 410, 416-17 (Miss. Ct. App. 2007)).

---

[17] OSSD does not concede that Belcher was its employee.

{D2491136.1}

To prove that OSSD was negligent in supervising Belcher Plaintiffs must prove that OSSD had actual or constructive knowledge of an employee's tendency for improper behavior. *Midwest Feeders, Inc.*, 114 F. Supp 3d 419 (S.D. Miss. 2015). Plaintiffs cannot come forth with any admissible evidence to establish that OSSD was negligent in hiring, retention or supervision of Belcher. It is undisputed that OSSD properly supervised Belcher. Immediately upon learning that Belcher had engaged in conduct which was in violation of the its policies, OSSD terminated Belcher. Plaintiffs cannot demonstrate any material facts which would reasonably infer that OSSD knew or should have known of Belcher's alleged misconduct. Furthermore, OSSD complied with its own policies when it investigated the reports of classroom management, use of student cell phones and the eventual dismissal of Belcher. OSSD is entitled to a judgment as a matter of law.

### iii. Plaintiffs' vicarious liability claims fail because Belcher was not OSSD's employee and because OSSD cannot be liable for anyone's intentional and criminal acts.

Plaintiffs' federal law vicarious liability claims are barred outright by *Monell. Monell*, 436 U.S. at 707. Plaintiffs' state law vicarious liability claims are barred by the Mississippi Tort Claims Act because it is undisputed that all of Belcher's acts giving rise to suit were criminal acts. Exhibit "3"; Exhibit "4." Miss. Code Ann. §11-46-5(2). Even if Plaintiffs' vicarious liability claims were legally available, they are not supported by the facts. It is undisputed that OSSD was not Belcher's employer. Further, Plaintiffs must offer evidence that Belcher's conduct advanced the purposes of OSSD as an educational institution to establish OSSD's vicarious liability for Belcher's acts. *Cockrell*, 865 So. 2d at 361-62 (Miss. 2004)(citing *Seedkem South, Inc.*, 391 So.2d at 995). No such evidence exists, and any argument to the contrary would be absurd. There are no genuine issues of fact in dispute regarding Plaintiffs' vicarious liability theories against OSSD. OSSD is entitled to judgment as a matter of law.

## IV. Conclusion

None of Plaintiffs' claims against OSSD meet the federal pleading standard. OSSD cannot be sued pursuant to § 1983 for vicarious liability. The Mississippi Tort Claims Act also precludes OSSD's vicarious liability for Belcher's criminal acts. Plaintiffs' claims against OSSD should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs' claims fail on the merits because the facts developed in discovery do not support liability against OSSD under any legal theory. No OSSD policy or custom was the moving force behind any constitutional violations Plaintiffs' allege to have suffered.

There is no evidence OSSD breached any duties owed to Plaintiffs. On the contrary, the evidence demonstrates OSSD's careful and prudent handling of a bad situation. No genuine issue of material fact remains, and OSSD is entitled to judgment as a matter of law pursuant to Rule 56 of the Mississippi Rules of Civil Procedure.

RESPECTFULLY SUBMITTED, this the 10th day of October, 2025.

**OCEAN SPRINGS SCHOOL DISTRICT, DEFENDANT**

BY: */s/ Kristi Rogers Brown*
OF COUNSEL

{D2491136.1}

**CERTIFICATE OF SERVICE**

I, the undersigned of counsel for Defendant, Ocean Springs School Distrct, do hereby certify that I have this day electronically filed forgoing via the ECF filing system, which sent notification of this filing to all counsel of record and that I placed the aforesaid pleading in the U.S. Mail to Defendant Keshawn Belcher at the following address:

>Keshawn Belcher
>MDOC ID No. 252265
>South Mississippi Correctional Institution
>22689 MS Hwy 63 North
>Leaksville, MS 39451

SO CERTIFIED this the 10th day of October, 2025.

BY: */s/ Kristi Rogers Brown*
OF COUNSEL

KRISTI ROGERS BROWN – MS BAR NO. 101989
*kbrown@danielcoker.com*
RANDOLPH MIKELL – MS BAR NO. 106673
*rmikell@danielcoker.com*
DANIEL COKER HORTON & BELL, P.A.
2200 25TH AVENUE, SUITE B
POST OFFICE BOX 416
GULFPORT, MISSISSIPPI 39502-0416
TELEPHONE: 228-864-8117
FACSIMILE: 228-864-6331

{D2491136.1}